IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIKA GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-cv-4286 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before this Court is Wal-Mart Stores Texas, LLC's ("Defendant") Motion for Summary Judgment. (Doc. No. 29). Erika Gonzalez ("Plaintiff") did not respond to the Motion, and the time to do so has passed, making the Motion ripe for ruling. Having considered the Motion, relevant pleadings, and applicable law, the Court **GRANTS** the Motion. (Doc. No. 29).

### I.   Background

In this slip-and-fall case, Plaintiff alleges that she was shopping in Defendant's Wal-Mart store located at 9460 W. Sam Houston Parkway, Houston, Texas 77909, when "she fell due to liquid being on the floor." (Doc. No. 1-2). She then filed suit in state court, alleging ordinary negligence and premises defect claims. (*Id.* at 3–4). Defendant timely removed to this Court, properly invoking its diversity jurisdiction. (Doc. No. 1). Now, Defendant moves for summary judgment on all of Plaintiff's claims. (Doc. No. 29).

### II.   Legal Standard

This Court's Local Rules state that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4; *see also* Hanen L.R. 7(D). As stated above, Plaintiff failed to respond to Defendant's motion by the deadline. Therefore, the local rules would allow the Court to grant Defendant' motion as it should be considered unopposed.

Nevertheless, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation. *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (citing *Johnson v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1985)); *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213–14 (5th Cir. 1980). In other words, where a party does not respond to a motion for summary judgment, such failure does not permit the Court to enter a "default" summary judgment. Therefore, the Court will consider the merits of the motion.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

## III. Analysis

Plaintiff asserts two species of negligence: (1) ordinary negligence and (3) premises liability. The Court takes these in turn.

### A. Negligent Activity

As to suits arising out of condition of land, the Supreme Court of Texas has recognized "negligent-activity and premises-liability theories of liability" as two distinct, and often mutually exclusive, causes of action. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010) (citing *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998)). *See also Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 197 (5th Cir. 2014) ("[W]e conclude that [the plaintiff] cannot pursue *both* a negligent activity and a premises defect theory based on the same injury.") (emphasis in original). "Negligence in the former context means simply doing or failing to do what a person of ordinary prudence in the same or similar circumstances would have not done or done." *Timberwalk*, 972 S.W.2d at 753. As such, Plaintiff's first claim that Defendant "failed to use ordinary care by various acts of omissions and/or commissions" is construed as a claim for negligent activity even if Plaintiff does not use those words. *See* (Doc. No. 1-2 at 3).

Despite the inclusion of "failing to do" and "would not have done" in the *Timberwalk* Court's formulation of negligent-activity, the Supreme Court of Texas has narrowly construed negligent-activity claims to only "encompass[] a malfeasance theory based on *affirmative, contemporaneous* conduct." *Del Lago*, 307 S.W.3d at 776 (emphasis added). *See also Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex. 1992) ("Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity."). Here, Plaintiff does not allege, let alone provide any summary-judgment evidence to show, that Defendant was conducting any affirmative,

3

contemporaneous activity. Plaintiff simply alleges that "she fell due to liquid being on the floor," without alleging that a Wal-Mart employee contemporaneously put the liquid there. (Doc. No. 1-2 at 3). Consequently, summary judgment is **GRANTED** as to Plaintiff's negligent-activity claim.

### B. Premises Liability

To survive summary judgment, Plaintiff must prove, or at least raise genuine issues of material fact on, the following elements: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) that the condition posed an unreasonable risk of harm; (3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Keetch*, 845 S.W.2d at 264 (Tex. 1992).

Defendant challenges only the first element: Defendant's actual or constructive notice. (Doc. No. 29 at 10). "A slip-and-fall plaintiff satisfies the notice element by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002).

Plaintiff fails to raise a fact issue on any of the three ways to establish the notice element. First, Plaintiff herself testified in her deposition that she did not see anyone (let alone Defendant's employees) spill or drop anything that may place the liquid on the floor. (Doc. No. 29-2 at 10). Moreover, she points to no other evidence that may suggest Defendant or its agents placed the substance on the floor. Second, Plaintiff also testified that she "do[es]n't believe that they [Defendant] knew there was something right there on the floor" before the incident. (*Id.* at 9). Plaintiff points to no other evidence in the record that would negate her own concession that

4

Defendant did not have actual notice. Third, Plaintiff testified that she does not know how long the substance on which she slipped was on the floor, (*id.* at 9–10), nor has she produced any evidence on for how long the substance was on the floor. Without such evidence, the Court cannot conclude that Defendant had a reasonable opportunity to discover it. Therefore, because Plaintiff cannot raise issues of material fact on the notice element of her premises-defect claim, the Court **GRANTS** summary judgment as to that claim.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment. (Doc. No. 29). A separate final judgment will be entered in accordance with Rule 58 of Federal Rules of Civil Procedure.

It is so ordered.

Signed on this the ___ day of June 2025.

Andrew S. Hanen
United States District Judge